IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

JONATHON DWAYNE HOBBS,                                                              PLAINTIFF
ADC # 167191

v.                                            2:22CV00224-JTK

ARKANSAS COUNTY DETENTION
CENTER, et al.                                                                      DEFENDANTS

## ORDER

Jonathon Dwayne Hobbs ("Plaintiff") is in custody at the Wrightsville Unit of the Arkansas Division of Correction ("ADC"). His claims in this case arise from the time he was in custody at the Arkansas County, Arkansas, Detention Center (the "Detention Center"). (Doc. No. 1). Plaintiff filed this action under 42 U.S.C. § 1983 without the help of a lawyer. Plaintiff sued the Detention Center, the Arkansas Department of Corrections, Arkansas County Sheriff Dean Mannis, Detention Center Administrator Tyran McCradic, Guards Jeremarian Kennedy and Justin Midkiff, and Maintenance Clayton Evans in their personal and official capacities. (Doc. Nos. 1, 5). Plaintiff alleges unlawful conditions of confinement at the Detention Center.

On March 20, 2024, Defendants Mannis, McCradic, Evans, Kennedy, and Midkiff (collectively, "Defendants")[1] filed a Motion for Summary Judgment on the merits of Plaintiff's claims, along with a Brief in Support and Statement of Facts. (Doc. Nos. 37-39).

On March 25, 2024, the Court directed Plaintiff to respond to Defendants' Motion within thirty (30) days, or by April 24, 2024. (Doc. No. 40). The Court advised Plaintiff that failure to comply with the Order would result in all of the facts set forth in Defendants' summary judgment

---

[1] Plaintiff's claims against the Arkansas County Detention Center and the Arkansas Department of Corrections already have been dismissed. (Doc. Nos. 8, 15).

papers being deemed admitted, or the dismissal of the action without prejudice for failure to prosecute.  (Id.)  By separate Order, the Court also advised Plaintiff that in deciding Defendants' Motion it would consider certain evidence and arguments not raised by Defendants.  (Doc. No. 41).  Despite the Court's instruction, Plaintiff has not filed a Response and the time for doing so has passed.

After careful consideration, and for the reasons set out below, Defendants' Motion for Summary Judgment (Doc. No. 43) is GRANTED.[2]

## I.    Plaintiff's Complaint, as Amended

In his Complaint, Plaintiff identified himself as serving a sentence as a result of a judgment of conviction at the time the incidents giving rise to this lawsuit took place.[3]  (Doc. No. 1 at 3).  Plaintiff's statement of claim in his Amended Complaint reads in its entirety:

> I [am] writing to inform the courts of how the poor conditions and spoiled food has affected me here at the [Detention Center].  I have repeatedly told the Sheriff at the time Dean Mannis, the Administrator Tyran McCradic, and the maintenance man Clayton Evans about the mold and mildew in the showers that are causing me to break out in rashes/sores.  They have also been made aware of the toilet in cell B-9/10 that has been full of human waste for months and B-1 cell that has toilet water leaking from it and running through the day room.  I have had lung infections several times from breathing the toxic fumes.  I have notified the guards Jeremerian Kennedy and Justin Midkiff of the undercooked and spoiled food that is being served but it continues to be that way.  I have been sick to my stomach and had diarrhea ever since the maggots was in the beans served to us.  If there is anything more I need to do to inform the workers here then I have no idea what it is.

(Doc. No. 5 at 2-3).

---

[2] The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings and order the entry of a final judgment.  (Doc. No. 32).

[3] In Plaintiff's deposition, he explained that he was on probation at the time he was booked in at the Detention Center, as well as facing new charges for aggravated assault.  Plaintiff's Probation was revoked.  (Doc. No. 43-2 at 6:16-7:25).

2

II.     **Summary Judgment Standard**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

III.    **Analysis**

As an initial matter, the Court notes that Plaintiff has not filed a response to Defendants' Motion. He has not controverted any material fact set forth by Defendants in their statement of undisputed material facts. Accordingly, all material facts submitted by Defendants (Doc. No. 39) are deemed admitted. Local Rule 56.1(c); FED. R. CIV. P. 56(e).

A.      **Personal Capacity Claims**

Plaintiff brought his claims under 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts,

3

909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

In his Complaint, Plaintiff identified himself as a convicted prisoner. (Doc. No. 1 at 3, 6; Doc. No. 37-2 at 6:9-7:2). To state an Eighth Amendment claim challenging conditions of confinement, an inmate must show the alleged violation is "'objectively [and] sufficiently serious,'" that is, the inmate "'is incarcerated under conditions posing a substantial risk of serious harm.'" Kulkay v. Roy, 847 F.3d 637, 642-43 (8th Cir. 2017). An inmate must also show that the defendant knew of the risk and failed to respond to it in a reasonable way. Id. at 643.

**B.     Defendants McCradic and Mannis**

During his deposition, Plaintiff testified about the nature of his claims against Defendants McCradic and Mannis. He testified that he sued Defendant Mannis because he is Defendant McCraddic's boss, and Plaintiff "didn't want to leave no stone unturned." (Doc. No. 37-2 at 24:20-25:6). Plaintiff testified that Defendant McCradic is at the top of the chain of command in the kitchen and since Plaintiff did not know the kitchen workers' names, "then it just falls on Tyran McCradic"; Plaintiff maintained Defendant McCradic "was the one in charge" and that he "make[s] all the decisions." (Id. at 23:22-24:17).

Plaintiff's testimony makes clear that his claims against Defendants McCradic and Mannis are based on their supervisory status. But there is no supervisory liability under 42 U.S.C. § 1983. As such, Plaintiff has failed to state a claim on which relief may be granted against Defendants McCradic and Mannis. There is no genuine issue of fact in dispute that would make granting

4

Defendants' Motion inappropriate as to Defendants McCradic and Mannis. Because Plaintiff's personal capacity claims against these Defendants fail, Plaintiff's official capacity claims also fail.

    **C.**    **Defendants Kennedy and Midkiff**

During Plaintiff's deposition, he also explained why he sued Defendants Kennedy and Midkiff. Plaintiff testified that he sued these Defendants because they were the guards on duty the night the meal was contaminated with maggots and they "couldn't give us nothing else to eat." (Doc. No. 37-2 at 25:11-25:24). Plaintiff said "[i]t really wasn't just that I was suing them. I just wanted their names in there so they would know that it was them that passed it out, you know, just to cover all the tracks of who – who did what." (Id. at 25:20-25:23).

And even accepting Plaintiff's allegations that Defendants Kennedy and Midkiff distributed meals contaminated with maggots and could not give Plaintiff something different to eat that night, these allegations fail to state a claim on which relief may be granted. Plaintiff testified that there was only one occasion when the food was contaminated with maggots. (Id. at 21:24-22:2). The law in the Eighth Circuit is clear that, without anything further, one missed meal does not rise to the level of a constitutional violation. Williams v. Harness, 221 F.3d 1346 (8th Cir. 2000) (per curiam). Considering the facts alleged and the law cited above, there is no genuine issue of fact in dispute that would make granting Defendants' Motion inappropriate as to Defendants Kennedy and Midkiff. Because Plaintiff's personal capacity claims against these Defendants fail, Plaintiff's official capacity claims also fail.

    **D.**    **Defendant Evans**

Plaintiff complains about mold or mildew in the shower, a broken toilet that contained human waste, water running from a cell into the day room, and issues with the food. (Doc. Nos. 1, 5).

Plaintiff has alleged that there was mold or mildew in the showers. But even accepting that allegation as true, Plaintiff has not come forward with any evidence that the mold or mildew present at the Detention Center was toxic. See Stacy v. Rice, No. 4:17-CV-153-SWW-BD, 2018 WL 1802560, at *3 (E.D. Ark. Mar. 28, 2018), report and recommendation adopted, No. 4:17-CV-153-SWW-BD, 2018 WL 1796538 (E.D. Ark. Apr. 16, 2018) (citing Erin Masson Wirth, Toxic Mold in Residences and Other Buildings: Liability and Other Issues, 114 A.L.R. 5th 397, § 2a (2003)("of 100,000 species of mold, most are not dangerous")). Further, the Detention Center passed the Arkansas Department of Corrections Criminal Detention Facilities inspection on October 27, 2022. (Doc. No. 37-1 at 8 – 16). The inspection took into consideration the physical condition of the Detention Center, among other things. (Id. at 10, 15). Additionally, Plaintiff did not provide any records revealing the medical care he sought or any alleged medical condition he suffered – a rash and a cough. There is no medical evidence showing that Plaintiff suffered from any health problem as a result of the mold or mildew. Plaintiff acknowledged that no doctor ever informed me that his lung infection came from breathing toxic fumes. (Doc. No. 37-2 at 20:20-20:24).

Plaintiff testified that Defendant Evans was not involved with delivering the meal on November 30, 2022. There is no evidence in the record that Defendant Evans knew of the problem with the maggots but failed to do anything about it. Plaintiff also alleges the food at the Detention Center was undercooked—he mentioned beans in particular—but he does not demonstrate or allege Defendant Evans was involved with meal preparation. And again, there is no medical evidence supporting any harm to Plaintiff as a result of undercooked beans.

Plaintiff complained about water running from a cell into the day room. Plaintiff did not know if the water was coming from a toilet or a broken sink. (Doc. No. 37-2 at 19:1-19:11). He

said the water collected as a puddle in the day room. (Id. at 19:9). Plaintiff did not identify how the puddle of water was a substantial risk to him and did not explain how he was harmed by the condition.

Plaintiff complained about a broken toilet that complained human waste. But Plaintiff testified that toilet was not in his cell. Rather, he said he "wouldn't get in that cell." (Id. at 19:22). As such, Plaintiff does not have standing to sue Defendants based on the fact that toilet did not function. The Court notes Plaintiff was exposed to the odor, which must have been terrible.

Considering one by one the conditions about which Plaintiff complained and viewing the facts in the light most favorable to Plaintiff, the Court finds Plaintiff has not established that Defendant Evans was deliberately indifferent to a substantial risk of harm to Plaintiff. The Court will also consider the conditions in combination. "*Some* conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise . . . . ." Wilson v. Seiter, 501 U.S. 294, 304 (1991). Plaintiff has not shown how, through the conditions of his confinement, he was deprived of any single identifiable need. As such, even when considered in combination the conditions at the Detention Center do not rise to the level of a constitutional violation. It is beyond question that the conditions at the Detention Center were uncomfortable and the Court is sympathetic to Plaintiff's claims. "But the Constitution does not mandate comfortable prisons[.]" Rhodes v. Chapman, 452 U.S. 337, 349 (1981). Because Plaintiff's personal capacity claims against these Defendants fail, Plaintiff's official capacity claims also fail.

Plaintiff did not respond to Defendants' Motion for Summary Judgment.  He did not meet proof with proof to establish facts in dispute that would preclude summary judgment in Defendants' favor.  Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor).  Under the circumstances specific to this case, no reasonable jury could find in Plaintiff's favor.  As such, Defendants' Motion will be granted.

**IV.** **Conclusion**

Defendants' Motion for Summary Judgment (Doc. No. 37) is GRANTED.  Plaintiff's claims against Defendants Evans, Mannis, McCradic, Midkiff and Kennedy are DISMISSED with prejudice.

IT IS SO ORDERED this 1st day of May, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE